DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Nir Meir*
605 Third Avenue
New York, New York 10158
(212) 557-7200
ROBERT L. RATTET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| YH LEX ESTATES LLC, | District Court Index Number - |
| Petitioner, | |
| -against- | Supreme Court – New York County Index No. 151267/2022 |
| NIR MEIR, RANEE A. BARTOLACCI, and ERMITAGE ONE, LLC, | |
| Respondents. | |

------------------------------------------------------------x

## NOTICE OF REMOVAL

**TO THE HONORABLE DISTRICT COURT JUDGE
ASSIGNED TO THESE PROCEEDINGS:**

Nir Meir ("Meir"), a party to the above action, by his attorneys, Davidoff Hutcher & Citron LLP, respectfully provides notice to this Court of removal of the above-captioned special proceeding (the "State Court Proceeding") from the Supreme Court of the State of New York, County of New York (the "State Court"), to the United States District Court for the Southern District of New York, and respectfully represents as follows:

1. On February 10, 2022, YH Lex Estates LLC, ("YH" or "Plaintiff") commenced an action (the "State Court Proceeding") against Meir, Ranee A. Bartolacci ("Bartolacci"), and Ermitage One, LLC ("Ermitage") (collectively, where appropriate, "Defendants"). A copy of the

Petition, Order To Show Cause entered February 16, 2022 (the "February 16, 2022 Order To Show Cause"), Affirmation of Mark H. Hatch-Miller In Support of said Order To Show Cause, and supporting Exhibits are collectively annexed hereto as Exhibit "1".

2. The State Court Proceeding has been assigned Index Number 151267/2022 in the State Court.

3. Exhibit "1" constitutes the pleadings in the State Court Proceeding. Any further documents will be provided to this Court or the Bankruptcy Court on request.

4. The State Court Proceeding seeks an order pursuant to CPLR §§ 5225(a) and (b) compelling Bartolacci and Ermitage to turnover property in their possession which YH alleges was initially fraudulently conveyed by Debtors EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC (the "Debtors") to Bartolacci and Ermitage.

5. On April 6, 2022, the Debtors filed a Notice of Removal of the State Court Proceeding with this Court, assigned Case no. 22-cv-2836. However, the Debtors intend to immediately withdraw such removal in light of, inter alia, the instant removal herein.

6. Meir is a principal of each of the Debtors, which Debtors are owners of the causes of action in the State Court Proceeding underlying the alleged fraudulent transferors, and on April 6, 2022 filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, District of Delaware, under Case Nos. 22-10293 and 22-10294, respectively.

7. This Notice of Removal is being timely filed pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §1452.

8. This civil action, as removed, is a "core proceeding" within the meaning of 28 U.S.C §157(b)(2)(A), (B), (F), (G), (H), and (O) in that the action concerns the (i) disposition of

causes of action that constitute property of the Debtors' estates; (ii) determination of a claim of Plaintiff, a creditor, against Meir and Bartolocci, which claims constitute property of the Debtors' estates, and determination of ownership of those claims; (iii) ability of the Debtors' estates to dispose of such claims; and (iv) ability of the Debtors' estates, and Meir's interests therein, to be properly administered under Chapter 7 of the Bankruptcy Code.

9. The Debtors are the initial transferors of the alleged fraudulent conveyances and owners of the underlying claims which are the subject of the State Court Proceeding. The State Court Proceeding seeks, in substance, to set aside certain transfers initially made by the Debtors which YH alleges were fraudulent. These types of actions or special proceedings are inherently property of the Debtors' estates. See, e.g. In re Barkany, 542 B.R. 662, 688 (Bankr. E.D.N.Y. 2015):

> "Only the trustee has standing to pursue such claims postpetition for the benefit of a debtor's bankruptcy estate. As such, creditors do not have standing postpetition to pursue a fraudulent conveyance action against the recipients of an avoidable transfer of a debtor's property. Keene Corp., 164 B.R. at 851 (noting that with respect to claims against those who have misused the debtor's property, "[t]he Bankruptcy Code authorizes the trustee to prosecute such claims for the benefit of all creditors, and necessarily deprives individual creditors of standing to pursue the same claims for their sole benefit"); St. Paul Fire and Marine Ins. Co. v. PepsiCo., Inc., 884 F.2d 688, 701–02 (2d Cir.1989)."

See also In re Ideal Mortg. Bankers, Ltd., 539 B.R. 409, 433 (Bankr. E.D.N.Y. 2015)((citing) "*Keene Corp. v. Coleman (In re Keene),* 164 B.R. 844, 851 (Bankr.S.D.N.Y.1994) (noting that with respect to claims against those who have misused the debtor's property, "[t]he Bankruptcy Code authorizes the trustee to prosecute such claims for the benefit of all creditors, and necessarily deprives individual creditors of standing to pursue the same claims for their sole benefit"); *St Paul Fire and Marine Ins. Co. v. Pepsi Co., Inc.,* 884 F.2d 688, 701–02 (2d

Cir.1989); In re Keene Corp., 164 B.R. 844, 850 (Bankr. S.D.N.Y. 1994); In re Madoff, 848 F. Supp. 2d 469, 487 (S.D.N.Y. 2012), aff'd sub nom, In re Bernard L. Madoff Inv. Sec. LLC, 740 F.3d 81 (2d Cir. 2014).

10. The Debtors' estates will, in the context of this removed action and likely other adversary proceedings, need to prosecute and/or resolve the claims in the State Court Proceeding for the benefit of all of their creditors and equity interest holders including Meir.

11. Pursuant to 28 U.S.C. Section 1334(d) and the Amended Standing Order Of Reference of the United States District Court for the Southern District of New York electronically filed February 1, 2012, 12 Misc.00032, issued pursuant to 28 U.S.C. §157, the Bankruptcy Court has jurisdiction over, inter alia, (a) property of the Debtors' estates and (b) allowance and disallowance of claims.

12. However, since the bankruptcy proceedings are pending in the District of Delaware, upon removal Meir will promptly seek to transfer this civil action to the United States District Court for the District of Delaware, and thereafter will seek referral of this matter to the Bankruptcy Court for the District of Delaware.

13. Bankruptcy Court determination of these issues is crucial, since the automatic stay prohibits further action by the State Court in retrieval of fraudulent conveyances belonging to the Debtors' estates.

14. Specifically, the ability of the Debtors' Chapter 7 estates to liquidate and be administered in an orderly manner is based upon the centralization of litigation in one forum.

15. This action, as removed to this Court, is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1334 and is one which may be removed to this Court by Meir pursuant to the provisions of 28 U.S.C. Section 1452, in that the matter in controversy is a civil action related to a bankruptcy case.

Dated: New York, New York
April 7, 2022

>DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Nir Meir*
605 Third Avenue
New York, New York 10158
(212) 557-7200

By: */s/ Robert L. Rattet*
ROBERT L. RATTET